IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN GENTILLE,

      Plaintiff,

                                    Case No. 2:16-MC-54
      v.                          Judge Algenon L. Marbley
                                      Magistrate Judge Elizabeth P. Deavers

KOHL'S DEPARTMENT
STORES, INC., *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of non-party Kathy Schottelkotte's Motion to Quash Subpoena (ECF No. 1), Plaintiff's Memorandum in Opposition (ECF No. 2), Ms. Schottelkotte's Reply (ECF No. 3), and Plaintiff's Motion to Strike (ECF No. 4). For the reasons that follow, Plaintiff's Motion to Strike is **GRANTED**, and Ms. Schottelkotte's Motion to Quash is **DENIED AS MOOT**.

## I.

Plaintiff brought the underlying action against Defendant in the United States District Court for the Northern District of Ohio, alleging that Defendant unlawfully failed to promote her to the position of store manager. According to Plaintiff, Ms. Schottelkotte was a store manager for the district in which she worked. Ms. Schottelkotte no longer works for Defendant and currently works and lives in Cincinnati, Ohio.

On August 23, 2016, Plaintiff's counsel notified Defense counsel that she wanted to take Ms. Schottelkotte's deposition. On August 25, 2016, Defense counsel informed Plaintiff's

counsel that they were in the process of determining Ms. Schottelkotte's availability and reminded Plaintiff's counsel that she worked and resided in Cincinnati.  On August 31, 2016, Plaintiff's counsel indicated her intent to depose Ms. Schottelkotte in either Cincinnati or by video conference.  On September 2, 2016, Defense counsel informed Plaintiff's counsel that Ms. Schottelkotte was "available September 14 or 21 in Cincinnati" and offered to reserve a conference room in the firm's office to facilitate the deposition.  (ECF No. 1-1 at p. 7.)

On September 8, 2016, Plaintiff's counsel confirmed that the September 14, 2016 date worked for Ms. Schottelkotte's deposition.  On September 9, 2016, Defense counsel confirmed that Plaintiff's counsel would need to issue a subpoena to Ms. Schottelkotte and inquired where in Cincinnati the deposition would take place.  Later that day, Plaintiff's counsel responded that the deposition would take place at Defense counsel's offices in Cincinnati.

On Sunday, September 11, 2016, Plaintiff's counsel informed Defense counsel that she would "like to take [Ms. Schottelkotte's] deposition in Columbus instead of Cincinnati."  (*Id*. at 14.)  The next day, Defense counsel responded that she believed Ms. Schottelkotte was outside the 100-mile geographical limit set forth in Federal Rule of Civil Procedure 45(c) and pointed out that Plaintiff's counsel had failed to set a start time for the deposition.  Defense counsel added that requesting Ms. Schottelkotte to travel to Columbus on two days' notice was unreasonable and informed Plaintiff's counsel that Ms. Schottelkotte did not consent to traveling to Columbus to be deposed on September 14, 2016.  On September 13, 2016, Plaintiff's counsel informed Defense counsel that she would "find a location within 100 miles of [Ms. Schottelkotte's] home or workplace" and asked Defense counsel to "let [Ms. Schottelkotte] know the deposition will commence at 10:30 a.m., with a location to determined ASAP . . . ."  (*Id*. at 21.)  That same day, Defense counsel reiterated that Ms. Schottelkotte did not consent to

appearing in Columbus for a deposition.  Defense counsel pointed out that Columbus is outside the geographical limits set forth in Federal Rule of Civil Procedure 45(c) and that traveling to Columbus on two days notice imposed an undue burden given that she cares for her elderly father in Cincinnati.  Plaintiff's counsel responded that she intended to proceed with the deposition and that she would find a place within 100 miles.

 At 2:36 p.m. on September 13, 2016, Plaintiff's counsel's assistant emailed a subpoena for Ms. Schottelkotte to Defense counsel.  The subpoena commanded Ms. Schottelkotte to appear for a deposition the very next day, September 14, 2016, at 10:30 a.m. in Grove City, Ohio.  Defense counsel responded that Ms. Schottelkotte would not appear and that a motion to quash was forthcoming.  Defense counsel explained that the subpoena required her to travel more than 100 miles, and that when she agreed to the September 14, 2016 date, it was with the understanding that the deposition would proceed in Cincinnati, Ohio.  Defense counsel again pointed out that Ms. Schottelkotte cares for her elderly father, and that providing notice the afternoon before a 10:30 a.m. deposition that the deposition would proceed in Columbus instead of Cincinnati imposed an undue burden and did not allow reasonable time to arrange travel.

Plaintiff's counsel responded that Mapquest reflects that the distance is exactly 100 miles and that there was no understanding with regard to location.  Plaintiff's counsel asserted that caring for an ailing parent did not support the filing of a motion to quash and emphasized how much more expensive it was for two attorneys from her office and her client to travel to Cincinnati than to have Ms. Schottelkotte travel to Columbus.

Defense counsel responded that her Mapquest inquiry reflected that the location exceeded 100 miles, that Plaintiff's counsel failed to provide timely notice that the deposition would not

proceed in Cincinnati, and that Ms. Schottelkotte's care of an ailing parent adds complexity to her scheduling constraints.

Non-party Ms. Schottelkotte filed the subject Motion to Quash on September 14, 2016. (ECF No. 1.) Ms. Schottelkotte asserts that the September 13, 2016 subpoena should be quashed on the grounds that (1) it calls for her deposition at a location greater than 100 miles from her home and place of work, (2) it fails to allow a reasonable time to comply, and (3) it imposes an undue burden on her. Ms. Schottelkotte represents that efforts to resolve this dispute have not been successful. Ms. Schottelkotte asserts that to the extent Plaintiff seeks to depose her, it should proceed in Cincinnati.

The day after Ms. Schottelkotte filed the Motion to Quash, September 15, 2016, Defense counsel emailed Plaintiff's counsel and indicated that Ms. Schottelkotte would agree to be deposed in Jeffersonville, which was approximately an hour's drive from Cincinnati. (ECF No. 2-2 at 2.) Plaintiff's counsel sent Defense counsel an email and agreed to depose her in Jeffersonville on September 28, 2016.

Plaintiff filed a Memorandum in Opposition to Ms. Schottelkotte's Motion to Quash on September 21, 2016. (ECF No. 2.) Plaintiff points out that her counsel canceled a luncheon to accommodate the September 14, 2016 date that Ms. Schottelkotte had indicated was an available day. She explains that the last-minute change in location is attributable to her counsel's realization that "holding the deposition in Cincinnati would necessitate three people (two of Plaintiff's attorneys and Plaintiff) driving nine (9) hours round-trip to and from Cincinnati" and that holding it in Columbus would save approximately 4.5 hours of driving for her and her counsel. (*Id*. at 2.) Plaintiff maintains that the September 13, 2016 subpoena was reasonable because Ms. Schottelkotte knew of the date in advance, and the 10:30 a.m. start time allowed her

plenty of time to travel 99 miles. In addition, Plaintiff emphasizes that Ms. Schottelkotte is an important witness. Plaintiff also points out that Ms. Schottelkotte's burden in complying was outweighed by the cost she and her attorneys would have incurred traveling to Cincinnati.

In her October 5, 2010 Reply (ECF No. 3), Ms. Schottelkotte re-asserts the same arguments she advanced in the initial Motion. Despite acknowledging that her deposition proceeded on September 28, 2016, she continues to ask this Court to quash the September 13, 2016 subpoena. In addition, in the final line of her Reply, she requests that she be awarded "the fees spent in moving to quash the subpoena issued for her deposition."

On October 7, 2016, Plaintiff filed a Motion to Strike Ms. Schottelkotte's Reply. (ECF No. 4.) According to Plaintiff, Ms. Schottelkotte's request for attorney's fees may not properly be considered by this Court because she raised it for the first time in her Reply.

## II.

### A.    Motion to Strike

As a threshold argument, Plaintiff's Motion to Strike is **GRANTED**. In the final line of her Reply, Ms. Schottelkotte requested an award of attorney's fees expended in filing the Motion to Quash, but did not otherwise provide support for her request. In accordance with well-settled authority, the Court declines to entertain arguments raised for the first time in a reply brief. *See Bishop v. Oakstone Academy*, 477 F. Supp.2d 876, 889 (S.D. Ohio 2007) ("[I]t is well established that a moving party may not raise new issues for the first time in its reply brief."); *United States v. Galaviz*, 645 F.3d 347, 362 (6th Cir. 2011) ("We do not usually entertain new arguments raised for the first time in a reply brief.") (citation omitted)); *United States v. Demjanjuk*, 367 F.3d 623, 637 (6th Cir. 2004) ( "As a general rule, this Court does not entertain issues raised for the first time in [a] . . . reply brief.").

If Ms. Schottelkotte desires to pursue an award of attorney's fees under Federal Rule of Civil Procedure 45(d)(1), she may file a properly supported motion for fees **WITHIN FOURTEEN (14) DAYS**.  In addition, Ms. Schottelkotte must **CERTIFY** that she made a good faith effort to resolve any request for fees prior to filing the motion.

**B.     Motion to Quash**

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas.  Fed. R. Civ. P. 45.  Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).  The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance.  Fed. R. Civ. P. 45(d)(2)(B).  Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," requires a non-party to travel more than 100 miles, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  The movant seeking to quash a subpoena bears the burden of proof. *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

Under the circumstances presented here, the Court agrees with Ms. Schottelkotte that the September 13, 2016 subpoena imposed an undue burden upon her.  First, the subpoena required compliance beyond the 100-mile geographical limit set forth in Rule 45(c).  Contrary to Plaintiff's counsel's assertions, a Mapquest query reflects that the distance between Plaintiff's home address and the Grove City office at which the subpoena commanded Ms. Schottelkotte to appear for deposition is 108 miles, and the distance from her place of work and the Grove City office is 101 miles.

6

Second, the subpoena, which allowed less than twenty-four hours following receipt, failed to provide a reasonable time for compliance.  Rule 45 does not specify what length of time qualifies as reasonable.  In recently concluding that a subpoena providing only six days for compliance failed to provide a reasonable amount of time to comply, this Court offered the following collection of cases supporting this finding:

> Many federal courts have found similar notice to be inadequate.  *See, e.g., Saffady v. Chase Home Fin*., Inc., No. 10–11965, 2011 WL 717564, at *3 (E.D. Mich. Feb. 22, 2011) (four business days' notice for a deposition in another state is not reasonable); *Brown* [*v. Hendler*, No. 09-cv-4486, 2011 WL 321139 at *2 (S.D.N.Y. Jan. 31, 2011)] ("Federal courts have also found compliance times of eight and seven days not to be reasonable."); *Mem'l Hospice, Inc. v. Norris*, No. 2:08–CV–048, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days' notice of deposition is not reasonable); *Donahoo v. Ohio Dep't of Youth Servs*., 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The Court agrees with Defendant that these subpoenas in fact did not provide for a reasonable time for compliance. Deponents . . . were served within one week of their deposition dates . . . . Fed. R.Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena."); *In re Stratosphere Corp. Sec. Litig*., 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice for deposition is not reasonable).  *See also McClendon v. TelOhio Credit Union, Inc.*, No. 2:05–CV–1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006) (notice of fourteen days is presumptively reasonable). *Accord Brown v. Hendler*, No. 09–CIV–4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable.").

*CareFusion 2200, Inc. v. Entrotech Life Sci., Inc*., No. 2:15-mc-16, 2015 WL 1954587, at *2-3 (S.D. Ohio Apr. 29, 2015); *see also Friedberg v. Madison Realty Investments, Inc.*, No. 1:16-mc-3, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016) (quashing subpoena that allowed only eleven days and five business days because it failed to provide a reasonable time for compliance).  Plaintiff's apparent contention that the Court should ignore this authority because her counsel had been discussing the parameters of the subpoena with Defense counsel for weeks is unavailing because Plaintiff's counsel changed the agreed-upon location just three days before the deposition.

Finally, Ms. Schottelkotte has demonstrated that Plaintiff's counsel's last-minute change of location, which required her to travel more than three hours, imposed in undue burden in light of her commitment to care for her ailing father.

Although Ms. Schottelkotte has satisfied her burden to demonstrate the merit of her Motion to Quash, the fact that her deposition has already proceeded under the parties' agreed-upon terms renders the Motion moot.  Accordingly, Ms. Schottelkotte's Motion to Quash is **DENIED AS MOOT**.

## III.

For the reasons set forth above, Plaintiff's Motion to Strike (ECF No. 4) is **GRANTED**, and Ms. Schottelkotte's Motion to Quash (ECF No. 1) is **DENIED AS MOOT**.  If Ms. Schottelkotte desires to pursue an award of attorney's fees under Federal Rule of Civil Procedure 45(d)(1), she may file a properly supported motion for fees **WITHIN FOURTEEN (14) DAYS**. The parties are encouraged to reach an agreement concerning whether an award of fees is warranted in light of the foregoing guidance.  To the extent Ms. Schottelkotte intends to file a motion for fees, she must **CERTIFY** that she made good faith efforts to resolve any request for fees prior to filing the motion.

**IT IS SO ORDERED.**


Date: October 18, 2016                              s/ *Elizabeth A. Preston Deavers*
                                                   ELIZABETH A. PRESTON DEAVERS
                                                   UNITED STATES MAGISTRATE JUDGE